UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ECF

JOANNE INNOCENTI,

        Plaintiff,

v.

VISUAL GRAPHIC SYSTEMS INC., DONALL HEALY, JOYCE HEALY, and PAUL THEODORE,

        Defendants.

COMPLAINT WITH JURY DEMAND

Case No.

06 CV 4938

JUDGE JONES

RECEIVED
JUN 27 2006
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff, Joanne Innocenti, by her attorneys, Tuckner, Sipser, Weinstock & Sipser, LLP, complains as follows:

## NATURE OF THE CASE

1. This is an action arising under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 et seq. ("ADEA"), as well as the "Human Rights" laws of the State of New York and the City of New York seeking declaratory and injunctive relief and damages to redress the injuries Plaintiff Joanne Innocenti has suffered as a result of being discriminated against, subjected to a hostile work environment, discharged by her former employer on the bases of her sex, national origin and age, and retaliated against for complaining about discrimination.

## JURISDICTION AND VENUE

2. The Court has jurisdiction pursuant to 42 § U.S.C. 2000e et. seq.; 28 U.S.C. § 1331, § 1343 and pendent jurisdiction thereto.

3. Venue is proper in the Southern District of New York based upon Plaintiff's employment with Defendant Visual Graphic Systems, Inc. in New York, NY.

## PARTIES

4. Plaintiff Joanne Innocenti is a 58 year-old female U.S. citizen of Italian-American ethnicity. Plaintiff was employed by Visual Graphic Systems, Inc. from on or about October 11, 1999 until on or about January 21, 2005.

5. Defendant Visual Graphic Systems, Inc. (also described herein as "VGS") is an "employer" as defined in 42 U.S.C. § 2000e(b), that employs over 15 persons and is engaged in an industry affecting commerce. Defendant VGS, incorporated in the State of New York, designs, manufactures and installs visual communication systems for domestic companies.

6. Defendant Donall Healy is the Chairman and an owner of VGS.

7. Defendant Joyce Healy is an owner of VGS.

8. Defendant Paul Theodore is the Chief Financial Officer of VGS.

## PROCEDURAL PREREQUISITES

9. On or about February 17, 2005, Plaintiff filed charges of sex, age, and national origin discrimination and retaliation, upon which this Complaint is based, with the United


States Equal Employment Opportunity Commission ("EEOC") in accordance with Title VII's administrative scheme.

10. Plaintiff received a Notice of Suit Rights from the EEOC dated March 31, 2006, with respect to the charges of sex, age, and national origin discrimination and retaliation entitling her to commence a civil action under Title VII within 90 days of the receipt of the notice (Notice of Suit Rights attached as Exhibit A).

## MATERIAL FACTS

11. Plaintiff was employed by Defendant VGS as Credit Manager from on or about October 11, 1999 until on or about January 21, 2005. Plaintiff's 25 years of relevant experience as a credit manager included employment with The Scribner Book Company, Oxford University Press, Rizzoli International Publications, and Von Holtzbrink Publishing.

12. At all times, Plaintiff's work record was impeccable, with concomitant salary increases and excellent annual performance reviews. Plaintiff, within a short time of her hire, restructured the disorganized credit department into a more efficiently functioning work environment.

13. In or about April 2004, VGS hired Paul Theodore as its Chief Financial Officer.

14. Immediately following the commencement of Theodore's employment, he began

creating a hostile work environment towards Plaintiff which included, but was not limited to, the following.

15. In or about June 2004, Theodore indicated to Plaintiff how he had to *"calm an old Italian woman down,"* during his previous employment; a statement that offended Plaintiff because of her age (58) and Italian-American heritage.

16. On several occasions, Theodore would discuss his social conquests with women, within earshot of Plaintiff, and continue to describe how numerous women, such as flight attendants, would vie for his attention and ply him with gifts.

17. On or about August 25, 2004, Theodore ordered Plaintiff into his office, ostensibly to discuss their disagreement over the use of a general ledger code. Theodore proceeded to lecture and deride Plaintiff, telling her in a harsh and threatening manner that he and VGS Partner Matthew Bucksbaum *"were of the same age,"* and would turn the company around *"no matter what it took or who had to go."* Theodore then aggressively stated that he was an exceedingly *"hands on manager,"* and would be *"in her face,"* emphasizing his point by brandishing his computer keyboard as if he were about to throw it at her.

18. The following day, Plaintiff submitted a memorandum of complaint to Joyce Healy, Chief Executive Officer of VGS, as instructed by VGS's employee handbook. The memo detailed Theodore's discriminatory behavior of the previous day.

19. Later that afternoon, Healy informed Plaintiff that she had shown the memo to Theodore, in contravention of VGS policy, which required an investigation of discrimination complaints. Healy related to Plaintiff that Theodore denied the allegations in her memo, and then requested Plaintiff remain in Healy's office, as she was summoning Theodore for a meeting with Plaintiff despite the discomfort engendered in Plaintiff by such a meeting.

20. After seating Theodore with Plaintiff's complaint in full view on her desk, Healy then began to accord Theodore a forum to retaliate against Plaintiff by allowing him to criticize her personality and work habits and generally deny the events comprising the discriminatory animus just complained of by Plaintiff that very day.

21. After the meeting, Healy advised Plaintiff that an *"investigator"* would be appointed to further pursue the matter. Healy indicated that she believed that she could not investigate the complaint herself, as she was Theodore's direct supervisor.

22. Subsequent to the meeting with Theodore and Healy, Plaintiff was assigned to menial secretarial tasks that were not appropriate to her title, responsibilities, experience or skill set. In addition, Theodore redirected Plaintiff's responsibilities, including opening new accounts and advising staff, to Plaintiff's assistant, Joseph Regelsky.

23. On or about September 1, 2004, Regelsky informed Plaintiff that he had overheard Theodore state during a meeting that VGS was going to be a *"nice little company"* to work for once he effectuated the transition from a *"more mature to a*

younger staff" so as to create an "age-balanced staff." Theodore also commented he believed a younger staff was a "good balance for the company to have."

24. Regelsky also reported to Plaintiff an incident wherein Theodore indicated that that VGS Project Manager Lauren Vallier was "such a bitch."

25. On or about September 10, 2004, Plaintiff was interviewed by VGS Chairman Donall Healy ("D. Healy") and VGS Partner Milton DiPeitro. D. Healy, designated to investigate Plaintiff's complaint, informed her that he would interview other VGS staff members regarding Theodore's behavior. Upon information and belief, the only staff member interviewed was D. Healy's own personal assistant, Terri Tamberino.

26. Subsequently, on or about October 8, 2004, D. Healy concluded that there had been no discriminatory treatment to Plaintiff. A few days later, Healy met with Plaintiff to inform her of D. Healy's report, and she added that notwithstanding this negative outcome, she had been "schooling" Theodore regarding proper business conduct, and his attitude toward female employees. Plaintiff advised Healy at this time of Theodore's retaliatory conduct.

27. In addition, in or about September 2004, VGS Information Technology Manager Youssef Lembret informed Plaintiff that Theodore had obtained the password to her computer, and had been reading her emails. Under the intimidating circumstances of

this purported surveillance, Plaintiff was compelled to use an outside computer for correspondence regarding her complaints.

28.  On or about November 5, 2004, Plaintiff overheard a conversation between Theodore and VGS Operations Director Udo Virmali, during which Theodore said of Plaintiff, "*There is a fucking problem here with that bitch, and I'm getting tired of tip-toeing around her.*"

29.  In or about November 2004, counsel for Plaintiff sent correspondence to VGS detailing the discriminatory actions against Plaintiff and VGS's failure to effectively redress the degradation of the terms and conditions of Plaintiff's employment, all as a result of her protected activities.

30.  Shortly thereafter, on or about January 17, 2005, following Plaintiff's return from vacation, Defendant Healy approached Plaintiff concerning files allegedly missing from her computer.  Plaintiff had previously deleted messages from her email inbox in order to improve her computer's speed, but at no time had she deleted or removed proprietary or confidential VGS files.  In addition, at least 30-35 persons had physical access to Plaintiff's cubicle in her absence, and as stated previously, the security of her computer had likely been compromised.

31.  On or about January 19, 2005, Plaintiff was terminated from her employment on the pretextual and false allegation that she deleted necessary files from her computer,

which was a clear act of retaliation, falling, as it did, in the closest temporal proximity to Plaintiff's invocation of a protected activity in the form of alleging violations of her civil rights.

32. As a result of Defendants' unlawful discriminatory and retaliatory employment practices, Plaintiff Joanne Innocenti has suffered injury to her reputation, mental and emotional distress, and pain and suffering.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER FEDERAL LAW

33. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a)(1) provides that it shall be an unlawful employment practice for an employer:

> "(1) to . . . discharge any individual, or otherwise to discriminate against any individual . . . because of such individual's...sex... "

34. Defendant VGS engaged in an unlawful employment practice prohibited by 42 U.S.C. § 2000e-2(a)(1) by terminating and otherwise discriminating against Plaintiff because of her sex.

## AS A SECOND CAUSE OF ACTION
## FOR DISCRIMINATION UNDER FEDERAL LAW

35. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a)(1) provides that it shall be an unlawful employment practice for an employer:

> "(1) to . . . discharge any individual, or otherwise to discriminate against any individual . . . because of such individual's...national origin... "

36. Defendant VGS engaged in an unlawful employment practice prohibited by 42

8

U.S.C. § 2000e-2(a)(1) by terminating and otherwise discriminating against Plaintiff because of her national origin.

### AS A THIRD CAUSE OF ACTION
### FOR DISCRIMINATION UNDER FEDERAL LAW

37. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be an unlawful employment practice for an employer:

> "to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

38. Defendant VGS engaged in an unlawful employment practice prohibited by 42 U.S.C. §2000e-3(a) by terminating and otherwise discriminating and retaliating against Plaintiff because she opposed Defendant's unlawful employment practices and because she complained about employment discrimination against Defendants.

### AS A FOURTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER FEDERAL LAW

39. The Age Discrimination in Employment Act of 1967, 29 U.S.C. §623(a)(1), provides that it shall be an unlawful employment practice for an employer:

> "(1) to . . . discharge any individual, or otherwise discriminate against any individual . . . because of such individual's age."

40. Defendant engaged in an unlawful employment practice prohibited by 29 U.S.C. §623(a)(1) by terminating and otherwise discriminating against Plaintiff because of her age.

## AS A FIFTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER FEDERAL LAW

41. The Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623(d) provides that it shall be an unlawful employment practice for an employer:

> "...to discriminate against any of his employees...because such individual... has opposed any practice made unlawful by this section, or because such individual...has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter."

42. Defendant VGS engaged in an unlawful employment practice prohibited by 29 U.S.C. §623(d) by terminating and otherwise discriminating and retaliating against Plaintiff because she opposed Defendant's unlawful employment practices and because she complained about employment discrimination against Defendants.

## AS A SIXTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

43. New York State Executive Law §296(1)(a) provides that it shall be an unlawful discriminatory practice:

> "For an employer . . . because of . . . sex . . . of any individual . . . to discharge from employment such individual or to discriminate against such individual in...terms, conditions or privileges of employment."

44. Defendants VGS, Donall Healy and Joyce Healy engaged in an unlawful discriminatory practice in violation of Executive Law §296(1)(a) by terminating and otherwise discriminating against Plaintiff because of her sex.

## AS A SEVENTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

45. New York State Executive Law §296(1)(a) provides that it shall be an unlawful discriminatory practice:

> "For an employer . . . because of . . . age . . . of any individual . . . to discharge from employment such individual or to discriminate against such individual in. . . terms, conditions or privileges of employment."

46. Defendants VGS, Donall Healy and Joyce Healy engaged in an unlawful discriminatory practice in violation of Executive Law §296(1)(a) by terminating Plaintiff and otherwise discriminating against Plaintiff because of her age.

## AS A EIGHTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

47. New York State Executive Law §296(1)(a) provides that it shall be an unlawful discriminatory practice:

> "For an employer . . . because of . . . national origin . . . of any individual. . . to discharge from employment such individual or to discriminate against such individual in. . . terms, conditions or privileges of employment."

48. Defendants VGS, Donall Healy and Joyce Healy engaged in an unlawful discriminatory practice in violation of Executive Law §296(1)(a) by terminating Plaintiff and otherwise discriminating against Plaintiff because of her national origin.

## AS A NINTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

49. New York State Executive Law §296(1)(e) provides that it shall be an unlawful discriminatory practice:

11

> "For any employer . . .to discharge, expel or otherwise discriminate against any person because he or she has opposed any practices forbidden under this article or because he has filed a complaint, testified or assisted in any proceeding under this article."

50. Defendants VGS, Donall Healy and Joyce Healy engaged in an unlawful discriminatory practice in violation of Executive Law §296(1)(e) by terminating Plaintiff and otherwise discriminating against Plaintiff because she opposed Defendants' unlawful employment practices.

### AS AN TENTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER STATE LAW

51. New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice:

> "For any person to aid, abet, incite, compel or coerce the doing of any the acts forbidden under this article, or to attempt to do so."

52. Defendants Paul Theodore, Donall Healy and Joyce Healy engaged in an unlawful discriminatory practice in violation of New York State Executive Law §296(6) by aiding, abetting, inciting, compelling and coercing the discriminatory employment practices suffered by Plaintiff.

### AS A ELEVENTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER CITY LAW

53. The New York City Administrative Code Title 8 §8-107(1)(a) provides that it shall be an unlawful discriminatory practice:

> "For an employer . . . because of…gender . . . to discharge from employment such person or to discriminate against such person…"

54. Defendants VGS, Donall Healy and Joyce Healy engaged in an unlawful

discriminatory practice in violation of New York City Administrative Code Title 8 §8-107(1)(a) by discriminating against Plaintiff and discharging Plaintiff based upon her sex.

### AS A TWELFTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER CITY LAW

55. The New York City Administrative Code Title 8 §8-107(1)(a) provides that it shall be an unlawful discriminatory practice:

> "For an employer . . . because of...age . . . to discharged from employment such person or to discriminate against such person..."

56. Defendants VGS, Donall Healy and Joyce Healy engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8 §8-107(1)(a) by discriminating against Plaintiff and discharging Plaintiff based upon her age.

### AS AN THIRTEENTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER CITY LAW

57. The New York City Administrative Code Title 8 §8-107(1)(a) provides that it shall be an unlawful discriminatory practice:

> "For an employer . . . because of...national origin . . . to discharged from employment such person or to discriminate against such person..."

58. Defendants VGS, Donall Healy and Joyce Healy engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8 §8-107(1)(a) by discriminating against Plaintiff and discharging Plaintiff based upon her national origin.

## AS AN FOURTEENTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER CITY LAW

59.  The New York City Administrative Code Title 8 §8-107(7) provides that it shall be an unlawful discriminatory practice:

> "For any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has (i) opposed any practice forbidden under this chapter..."

60.  Defendants VGS, Donall Healy and Joyce Healy engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8 §8-107(7) by discriminating against Plaintiff and discharging Plaintiff, and retaliating against Plaintiff because she complained about discriminatory employment practices.

## AS A FIFTEENTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER CITY LAW

61.  The New York City Administrative Code Title 8 §8-107(6) provides that it shall be an unlawful discriminatory practice:

> "For any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this chapter, or to attempt to do so."

62.  Defendants Paul Theodore, Donall Healy and Joyce Healy engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8 §8-107(6) by aiding, abetting, inciting, compelling and coercing the discriminatory employment practices suffered by Plaintiff.

## INJURY AND DAMAGES

63.  As a result of the Defendants' unlawful discriminatory employment practices, Plaintiff Joanne Innocenti has suffered injury to her reputation, mental and emotional

14

distress, and pain and suffering.

## REMEDY

WHEREFORE, Plaintiff requests a judgment against the Defendants:

A.  Declaring that Defendants engaged in an unlawful employment practice prohibited by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.*, the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§621 *et seq.*, New York State Executive Law § 296 *et seq.* and New York City Administrative Code Title 8, §8-107 *et seq.* by discriminating against and retaliating against Plaintiff;

B.  Reinstating Plaintiff to her former job and/or awarding future income to the Plaintiff in an amount to be proven representing all loss of future earnings, including reasonable and expected increases, loss of retirement income and all other benefits she would have expected to earn during her entire lifetime had it not been for Defendants unlawful discharge of her employment;

C.  Awarding damages to the Plaintiff for back pay and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

D.  Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven at trial;

E.   Awarding Plaintiff punitive damages;

F.   Awarding Plaintiff attorneys' fees, costs and expenses incurred in the prosecution of the action;

G.   Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

### JURY DEMAND

Plaintiff demands a trial by jury.

Dated:   New York, New York
         June 27, 2006

Tuckner, Sipser, Weinstock & Sipser, LLP

By: _____
Jack Tuckner (JT8898)
Attorneys for Plaintiff
120 Broadway, 18th Floor
New York, New York 10271
(212) 766-9100
jtuckner@womensrightsny.com
www.womensrightsny.com